UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MITCHELL WALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:00-cr-00077-GZS |
| | ) | 2:15-cv-00056-GZS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, pursuant to 28 U.S.C. § 2255, Petitioner Mitchell Wall seeks relief from his sentence in *United States v. Wall*, No. 2:00-cr-00077-GZS. (Motion, ECF No. 90.) Petitioner argues that he is entitled to relief based on the Supreme Court's decision in *Burrage v. United States*, 134 S. Ct. 881 (2014). (Motion at 4-5.)

After review of the motion and the record, in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, given that Petitioner's motion is subject to the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h), the recommendation is that the Court dismiss the motion without requiring the Government to answer.

I.     F<span style="font-variant:small-caps">ACTUAL</span> B<span style="font-variant:small-caps">ACKGROUND AND</span> P<span style="font-variant:small-caps">ROCEDURAL</span> H<span style="font-variant:small-caps">ISTORY</span>

The First Circuit Court of Appeals recounted in detail the facts underlying Petitioner's conviction. *United States v. Wall*, 349 F.3d 18 (1st Cir. 2003). In 2001, a jury found Petitioner guilty of cocaine distribution resulting in the death of another, after he had been convicted of a felony drug trafficking offense. *Id.* at 20; Jury Verdict, No. 2:00-cr-00077-GZS, ECF No. 39. In 2002, the Court sentenced Petitioner to a term of life in prison, followed by a term of six years of

supervised release. (Judgment, ECF No. 60.)[1] Petitioner was also separately indicted, tried by a jury, and convicted of participating in a scheme to defraud Medicaid involving oxycodone.[2] He was sentenced in the fraud case to a term of 262 months, to be served concurrently with the life sentence, followed by a term of six years of supervised release, to be served concurrently with the supervised release on the cocaine distribution sentence. (Judgment, No. 2:00-cr-00078-GZS, ECF No. 52.)

Petitioner raised several issues on appeal, including an issue regarding the Court's jury instruction on causation. 349 F.3d at 23-24. The Court instructed the jury that to find that the "death resulted from the use of cocaine that the defendant distributed," it must find beyond a reasonable doubt that the victim "died as a consequence of her use of the cocaine that the defendant distributed on or about the dates alleged in the indictment," and find that "the evidence establishes beyond a reasonable doubt that the use of that cocaine played a *significant causal role* in bringing on the death" of the victim. *Id.* (emphasis added). Defense counsel "specifically requested the 'significant causal role' language" at trial, but Petitioner argued on appeal that the instruction understated the Government's burden of proof. *Id.* at 24. He also argued that he was entitled to an additional instruction that "there was no intervening or superseding cause of death." *Id.* at 24.

Although the First Circuit determined that Petitioner waived the issue when he consented to the instruction at trial, the Court nevertheless addressed the merits of Petitioner's argument. *Id.* The Court concluded that "an instruction requiring jurors to find a 'significant' causal relationship

---

[1] Title 21 U.S.C. §841(b)(1)(C) mandates an enhanced sentence of "not less than twenty years or more than life" for a drug offense "if death or serious bodily injury results from the use of such substance."

[2] The two cases were consolidated on appeal. *United States v. Wall*, 349 F.3d 18, 20 & n.1 (1st Cir. 2003). The appeal docketed at No. 02-1925 is from this Court's No. 2:00-cr-00077-GZS, which is the underlying cocaine distribution case at issue here. The appeal docketed at No. 02-1926 is from this Court's No. 2:00-cr-00078-GZS, which was the separately-tried criminal health care fraud case.

2

suggests a higher, rather than lower, burden of proof," and on that basis it concluded that if it were to review the matter for plain error, Petitioner's argument would fail. *Id.* at 25. The First Circuit also concluded that the trial court was not required to administer an intervening cause instruction because Petitioner had identified "no evidence in the record that would permit a conclusion that another substance, rather than cocaine, was responsible" for the victim's death. *Id.* The Supreme Court denied Petitioner's petition for a writ of certiorari on March 29, 2004. *Wall v. United States*, 541 U.S. 965 (2004).

On March 17, 2005, Petitioner signed his first 28 U.S.C. § 2255 motion, and the motion was filed on March 21, 2005. (No. 2:05-cv-00053-GC, ECF No. 1.)[3] In that motion, Petitioner challenged the sentence in the cocaine distribution case based on a number of claims of ineffective assistance of counsel,[4] which claims included counsel's failure to investigate the facts and the law on the causation issue. (Amended Recommended Decision, No. 2:05-cv-00053-GC, ECF No. 36 at 12-15.) The Court concluded that counsel's performance was not constitutionally inadequate. (*Id.* at 14-15; Order, ECF No. 40; Judgment, ECF No. 42.) The First Circuit granted a certificate of appealability as to two of Petitioner's ineffective-assistance claims, neither of which is at issue in the pending motion. The First Circuit affirmed this Court's decision. (Judgment and Mandate, No. 06-1235 (1st Cir. Jan. 31, 2007); No. 2:05-cv-00053-GC, ECF No. 53.) The Supreme Court subsequently denied Petitioner's petition for a writ of certiorari. *Wall v. United States*, 552 U.S. 905 (2007).

---

[3] At the time, motions filed pursuant to 28 U.S.C. § 2255 and all subsequent filings related to a section 2255 motion were docketed separately from the underlying criminal docket. Thus, Petitioner's first section 2255 motion was docketed at No. 2:05-cv-00053-GC.

[4] Petitioner's first section 2255 motion challenged the health care fraud conviction as well, and the Court granted the Government's motion to consolidate the two actions. (Order, No. 2:05-cv-00053-GZS, ECF No. 7.)

In 2007, Petitioner filed, and this Court denied, a petition pursuant to 28 U.S.C. § 2254, "challenging the denial, on statute of limitations grounds, of three state post-conviction proceedings seeking to set aside state convictions stemming from 1985, 1990, and 1993 criminal charges . . . ." (*Wall v. State of Maine*, Recommended Decision, No. 2:07-cv-00161-GZS, ECF No. 4; Order and Judgment, ECF Nos. 7, 8.) The First Circuit denied a certificate of appealability noting that Petitioner was serving his federal sentence, and the state sentences had expired. (No. 2:07-cv-00161-GZS, ECF No. 20; No. 07-2712 (1st Cir. Apr. 4, 2008).) The First Circuit also denied the application "as an implicit request for our authorization to file a second motion under 28 U.S.C. § 2255(h)(1)." *Id.* The Supreme Court denied Petitioner's petition for a writ of certiorari. *Wall v. Maine*, 555 U.S. 877 (2008).

In 2010, Petitioner filed an application in the First Circuit for leave to file a second or successive section 2255 motion. (Application, No. 10-1743.) Among other issues, he argued that counsel failed to challenge the jury instructions. (Id. at 3.) The First Circuit denied the application. (No. 2:05-cv-00053-GC, ECF No. 54 (1st Cir. July 1, 2010).)

In 2011 and early 2012, Petitioner filed two petitions, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania. (*Wall v. Holt*, No. 3:11-cv-02003-EMK, Recommended Decision, ECF No. 21 at 7; Order, ECF No. 44.) In 2013, the recommended decision noted that the petitions "closely resembled [Petitioner's] application for a second or successive § 2255 motion which was rejected by the First Circuit in 2010." (Recommended Decision, ECF No. 21 at 7.) In December 2014, following a stay that had been granted pending issuance of the Supreme Court's decision in *Burrage*, the Court adopted the recommended decision. (Recommended Decision, ECF No. 21; Orders Granting and Lifting Stay, ECF Nos. 25, 29; Order, ECF No. 44.) The Court also held that "[t]he determination whether

4

Petitioner's claims fall within the purview of §2255 would be in a properly framed request to file a second or successive motion for relief under 28 U.S.C. §2255 in the Court of Appeals for the First Circuit, and not pursuant to a §2241 petition." (Memorandum, ECF No. 43 at 6.) Thus, the two section 2241 petitions that Petitioner filed in Pennsylvania were dismissed for lack of jurisdiction. (Order, ECF No. 44.)

In 2013, Petitioner filed a motion seeking review based on *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). (No. 2:00-cr-00077-GZS, ECF No. 75.) This Court construed the motion as a second or successive section 2255 motion and dismissed it without prejudice to Petitioner's right to file an application in the First Circuit for leave to file the motion. (No. 2:00-cr-00077-GZS, ECF Nos. 76 at 1-2, 77, 80.) The First Circuit denied the application, holding that neither of the Supreme Court decisions established a "new rule of constitutional law" as required under 28 U.S.C. § 2255(h)(2). (No. 2:00-cr-00077-GZS, ECF No. 88; No. 13-1481 (1st Cir. Aug. 15, 2013).)

Petitioner alleges that he signed the pending section 2255 motion on January 26, 2015. (No. 2:00-cr-00077-GZS, ECF No. 90 at 13.) The motion was filed on February 10, 2015. (*Id.* at 1.) Petitioner argues that he is entitled to relief based on *Burrage*, which was decided on January 27, 2014. *Burrage*, 134 S. Ct. 881. In *Burrage*, the Supreme Court held that a defendant is not subject to the sentencing enhancement provision of twenty years to life unless the drug supplied by the defendant to the victim was a "but-for" cause of the death. *Id.* at 892. In particular, the Supreme Court wrote: "We hold that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. §841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id.* Petitioner contends that the trial court's

instruction that the drug must have a "significant causal role" did not satisfy the standard set forth in *Burrage*. (Motion at 4.) Petitioner also cites *United States v. Pena*, 742 F.3d 508 (1st Cir. 2014), in which the First Circuit noted that under *Burrage*, a finding that the drug "played a significant causal role" was "insufficient to support a 'death resulting' conviction." *Id.* at 511 & n.3 (citing *Burrage*, 134 S. Ct. at 892).[5]

## II.  DISCUSSION

Because Petitioner challenges the same criminal judgment that he challenged in his first section 2255 motion, and because the first motion terminated with a judgment on the merits, Petitioner's pending motion is a second or successive motion. *See United States v. Barrett*, 178 F.3d 34, 43 (1st Cir. 1999) ("[A] numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits.") (quoting *Pratt v. United States*, 129 F.3d 54, 60 (1st Cir. 1997) (quotation marks omitted)). As a second or successive motion, Petitioner's motion is subject to the gatekeeping provisions of sections 2255(h) and 2244(3)(A). Section 2255(h) provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

---

[5] There are two preliminary issues presented by Petitioner's motion. The first is whether *Burrage v. United States*, 134 S. Ct. 881 (2014), applies to Petitioner's case. In Petitioner's trial, this Court used the standard of a "significant causal role," which the First Circuit recognized was insufficient under *Burrage*. *See United States v. Pena,* 742 F.3d 508, 511 & n.3 (1st Cir. 2014) (citing *Burrage*, 134 S. Ct. at 892). However, in Petitioner's appeal, the First Circuit also noted that Petitioner had identified "no evidence in the record that would permit a conclusion that another substance, rather than cocaine, was responsible for [the victim's] death." *Wall*, 349 F.3d at 25. This case is thus distinguishable from *Pena*, in which the district court found that the death resulted from a combination of drugs, one of which was supplied by the defendant in that case. *Pena*, 742 F.3d at 511 n.3. The second issue is whether *Burrage* is retroactively applicable to cases on collateral review. In support of his argument that *Burrage* is retroactively applicable, Petitioner cites *Ragland v. United States*, 756 F.3d 597 (8th Cir. 2014). In *Ragland*, the Eighth Circuit noted that in the first trial, the jury was deadlocked, and on retrial, the second jury found that the drug at issue, heroin, "was a contributing factor in [the victim's] death." *Id.* at 599 (quotation marks omitted). The Court noted that *Burrage* "is silent on whether its holding applies retroactively to cases on collateral review," and remanded the case for the district court to reconsider the issue of enhanced sentencing, in light of *Burrage*. *Id.* at 602. However, as discussed below, 28 U.S.C. § 2255(h)(2) requires that the Supreme Court, rather than a circuit court, hold that the new rule of constitutional law is retroactive.

6

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. §2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Local Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler,* 536 F.3d at 96 (quoting *Pratt,* 129 F.3d at 57). This Court thus lacks jurisdiction over the pending motion unless and until Petitioner obtains leave to file the motion in accordance with sections 2244(b)(3)(A), 2255(h).

The record lacks any evidence to suggest that Petitioner has obtained permission to file the pending motion. Because the pending motion is a second or successive section 2255 motion, and because Petitioner has not obtained permission from the First Circuit to file the motion, Petitioner may not prosecute the motion in this Court.

### III. CONCLUSION

Based on the foregoing analysis, in accordance with the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h), the recommendation is (1) that the Court dismiss Petitioner's motion (No. 2:00-cr-00077-GZS, ECF No. 90), and (2) that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of February, 2015.