UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MITCHELL WALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:00-cr-00077-GZS |
| | ) | 2:16-cv-00288-GZS |
| | ) | 2:00-cr-00078-GZS |
| UNITED STATES OF AMERICA, | ) | 2:16-cv-00289-GZS |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner Mitchell Wall has moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.[1] (No. 2:00-cr-00077-GZS, ECF No 110; No. 2:00-cr-00078-GZS, ECF No. 87.) Petitioner has also filed a motion to appoint counsel. (No. 2:00-cr-00077-GZS, ECF Nos. 110, 111; No. 2:00-cr-00078-GZS, ECF Nos. 87, 88.) Petitioner cites *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), as the basis for relief.

The procedural history of Petitioner's convictions and sentences, his prior section 2255 motions, and his requests for leave to file second or successive section 2255 motions is recounted in the Court's 2015 denial of Petitioner's previous section 2255 motion. (No. 2:00-cr-00077-GZS, ECF No. 91 (Recommended Decision); ECF No. 102 (Order Affirming). For the sake of brevity, that procedural history is not repeated here. In 2016, the First Circuit denied Petitioner's latest

[1] The First Circuit's opinion in Petitioner's consolidated appeal states that he was convicted following two jury trials on drug offenses charged in two separate indictments. *United States v. Wall*, 349 F.3d 18, 20 & n.1 (1st Cir. 2003). In *United States v. Wall*, No. 2:00-cr-00077-GZS, Petitioner was convicted of cocaine distribution resulting in a death, and he was sentenced to imprisonment for the remainder of his natural life, followed by a term of six years of supervised release. In *United States v. Wall*, No. 2:00-cr-00078-GZS, Petitioner was convicted of participating in a scheme to unlawfully obtain and distribute oxycodone, and he was sentenced to a total term of 262 months of imprisonment, followed by a total term of six years of supervised release, to be served concurrently with the sentence on the cocaine conviction.

application for leave to file a second or successive petition. *Wall v. United States*, No. 15-2349 (1st Cir. Jan. 20, 2016).

By virtue of Petitioner's prior successive section 2255 motions, the pending section 2255 motion is also a successive motion subject to the gatekeeping requirements of 28 U.S.C. §§ 2244, 2255(h). This Court has not received an order from the First Circuit authorizing Petitioner to proceed on the motion in this Court.

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider it. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). A review of the record reveals no evidence that Petitioner has applied to the First Circuit for permission and obtained permission to file the pending second or successive motion. *See* 28 U.S.C. §§ 2244, 2255.

Because the record lacks any evidence that the First Circuit has authorized Petitioner to proceed on the pending motion, the Court is without jurisdiction to consider the merits of the motion. First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court

"will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."[2] The issue, therefore, is whether the Court should dismiss or transfer the matter.

Given that Petitioner relies on the Supreme Court's ruling in *Johnson* to support his motion, and given that the one-year limitations period for filing *Johnson*-related motions will expire on June 26, 2016, i.e., after Petitioner filed the motion, transfer is appropriate.[3] *See United States v. Barrett*, 178 F.3d 34, 41 n.1 (1st Cir. 1999) (holding that transfer is not mandated, but noting "that transfer may be preferable in some situations in order to deal with statute of limitations problems or certificate of appealability issues"); *In re Watkins*, 810 F.3d 375, 378 (6th Cir. 2015) (noting that the district court had transferred to the circuit court, pursuant to section 1631, a second or successive section 2255 motion for the circuit court to consider whether to authorize the motion as a second or successive section 2255 motion).

---

[2] Title 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

First Circuit Rule 22.1(e) states:

> If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition. If the petition is transferred, the petitioner must file a motion meeting the substantive requirements of Loc. R. 22.1(a) within 45 days of the date of notice from the clerk of the court of appeals that said motion is required. If the motion is not timely filed, the court will enter an order denying authorization for the § 2254 or § 2255 petition.

[3] Because the transfer statute, 28 U.S.C. § 1631, specifically provides that the "action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred," the transfer recommendation anticipates that if the First Circuit authorizes Petitioner's second or successive section 2255 motion, the motion would be reinstated to this Court's docket and would be considered to have been timely filed, pursuant to section 2255(f)(3) and Rule 3(d) of the Rules Governing Section 2255 Cases, because Petitioner signed it and placed it in the prison mailing system before the one-year limitation period runs on the Supreme Court's June 26, 2015, *Johnson* decision.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court transfer the pending section 2255 motion to the First Circuit, pursuant to 28 U.S.C. § 1631 and First Circuit Rule 22.1(e). I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

Finally, I deny without prejudice Petitioner's requests for the appointment of counsel. Petitioner can renew his requests in this Court should the First Circuit authorize Petitioner to file a second or successive motion. If this Court adopts this recommended decision and transfers the matter to the First Circuit, the denial of Petitioner's motion is also without prejudice to Petitioner's ability to request, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the First Circuit, the appointment of counsel in the First Circuit.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of June, 2016.